UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT EARL RICH,<br><br>Plaintiff,<br><br>v.<br><br>JACK MAZHAR, et al.,<br><br>Defendants. | Case No. 25-cv-11082-VC<br><br><br>**ORDER OF SERVICE; STAYING ACTION; AND REFERRING FOR GLOBAL SETTLEMENT PROCEEDINGS** |

Albert Earl Rich, a detainee at the Santa Rita Jail in Alameda County, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. The complaint is before the court for screening pursuant to 28 U.S.C. § 1915A. Rich has filed a motion for leave to proceed *in forma pauperis*, which is granted in a separate order. The complaint is ordered served on defendants and the case is stayed and referred for global settlement proceedings along with Rich's other excessive force case against other Alameda County deputy sheriffs, Case No. 26-cv-00871-VC.

**DISCUSSION**

a.      **Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). While Rule 8 does not require detailed factual allegations, it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id*.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**b.    Rich's Allegations**

Rich names as defendants the County of Alameda, the Alameda County Sheriff Yesenia Sanchez, and deputies Jeffrey Bennett, Deniz Keles, Andy Chan, Andy Nguyen, Eduardo Salgado, and Jack Mazhar. The court presumes that Rich is a post-conviction prisoner, as it appears that he was sentenced to 159 years to life in state prison in 2018. *See People v. Rich*, No. A155040, 2021 WL 221961, at *1 (Cal. Ct. App. Jan. 22, 2021).

Rich alleges as follows: on June 5, 2025, while he was housed at Santa Rita Jail, deputies threatened and assaulted him. Defendant Salgado told him, "This is not going to end well for you," and punched him on the side of the head several times, and pulled his shirt over his head. While Rich's head was covered by his shirt, he was punched in the side and pushed down on the concrete. He then felt numerous hands grabbing and striking him, and heard deputies telling him to stop resisting, but he was not resisting. Defendants Bennett and Salgado struck him and kneed him in the back. As a result of the assault, Rich cannot stand on his left leg, his entire left leg burns from his thigh to his foot, his penis cannot get hard, he has incontinence, he requires

diapers, he has nightmares, he has back pain, and he has tried to commit suicide. He seeks damages.

The county and the county sheriff are dismissed as defendants, because Rich has not made any allegations against the sheriff and he has not alleged any basis for municipal liability for the actions of the other named defendants. Liberally construed, he has stated an Eighth Amendment claim against the remaining defendants for excessive use of force.

### c. Pro Se Prisoner Mediation Program

The Northern District of California has established a Pro Se Prisoner Mediation Program. Certain prisoner civil rights cases may be referred to a neutral magistrate judge for settlement proceedings. The proceedings will consist of one or more conferences as determined by Magistrate Judge Robert M. Illman. The Court finds that this action, along with Rich's other excessive force case, should be referred to Magistrate Judge Illman for global settlement proceedings. Accordingly, the Court hereby refers this case to Magistrate Judge Illman for settlement proceedings pursuant to the Pro Se Prisoner Mediation Program. Such proceedings shall take place within 120 days of the date this Order is filed, or as soon thereafter as Magistrate Judge Illman's calendar will permit. Magistrate Judge Illman shall coordinate a place, time and date for one or more settlement conferences with all interested parties and/or their representatives and, within ten (10) days after the conclusion of all settlement proceedings, shall file with the Court a report thereon.

### CONCLUSION

Based on the foregoing, the court orders as follows:

1. Defendants County of Alameda and Alameda County Sheriff Yesenia Sanchez are dismissed.

2. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, the Waiver of Service of Summons, a copy of the complaint (Dkt. No. 1), and a copy of this Order to defendants Deputies Jeffrey Bennett, Deniz Keles, Andy Chan, Andy Nguyen, Eduardo Salgado, and Jack Mazhar at the Santa Rita Jail of Alameda County.

3.      The Clerk shall also mail a courtesy copy of the complaint and a copy of this order to Alameda County Counsel.

4.      The Clerk shall also mail a copy of this Order to Rich.

5.      Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if defendants, after being notified of this action and asked by the Court, on behalf of plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause can be shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), defendants will not be required to serve and file an answer before sixty days from the date on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before defendant has been personally served, the Answer shall be due sixty days from the date on which the request for waiver was sent or twenty days from the date the waiver form is filed, whichever is later.

6.      This action is referred to the Pro Se Prisoner Mediation Program. The Clerk is directed to serve Magistrate Judge Illman with a copy of this Order and to notify Magistrate Judge Illman that a copy of the court file can be retrieved from the Court's electronic filing database.

7.      Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

8.      All communications by Rich with the court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to

4

defendants or defendants' counsel.

9.     It is Rich's responsibility to prosecute this case. Rich must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

10.     In view of the referral to the Pro Se Prisoner Mediation Program, after the complaint has been served on the named defendants against whom plaintiff has alleged cognizable claims and the answer has been filed, all other further proceedings in this case are hereby stayed.

**IT IS SO ORDERED.**

Dated: May 14, 2026

_____

VINCE CHHABRIA
United States District Judge